UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

GUIDEONE SPECIALTY MUTUAL
INSURANCE COMPANY,

Index No.: 07 CIV 9419 (PKL)(JEH)

Plaintiff,

-against-

**ANSWER TO COMPLAINT**

BRONX BAPTIST CHURCH INC.,
BRONX BAPTIST CHURCH,
BRONX BAPTIST DAY CARE CENTER, INC.,
BRONX BAPTIST DAY CARE AND LEARNING
CENTER, HANNAH GONZALEZ, infant by m/n/g
CELIA ANDJUR, CELIA ANDUJAR, individually,
2381 VALENTINE AVENUE LLC,

Defendants.

---

Defendant, BRONX BAPTIST CHURCH, INC., incorrectly s/h/a BRONX BAPTIST CHURCH, BRONX BAPTIST DAY CARE CENTER, INC. and BRONX BAPTIST DAY CARE AND LEARNING CENTER, by and through its attorneys, Quadrino Schwartz, as and for its answer to the Complaint of Plaintiff, GUIDEONE SPECIALTY MUTUAL INSURANCE COMPANY, states as follows:

1. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "1" of the Complaint.

2. Defendant denies the allegations contained in Paragraph "2" of the Complaint except admits that it is a corporation and has its principal place of business located at 331 East 187th Street, Bronx, New York.

3. Defendant denies the allegations contained in Paragraph "3" of the Complaint.

4. Defendant denies the allegations contained in Paragraph "4" of the Complaint.

5. Defendant denies the allegations contained in Paragraph "5" of the Complaint.

6. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "6" of the Complaint.

7. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "7" of the Complaint.

8. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "8" of the Complaint.

9. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "9" of the Complaint except admits that a lawsuit entitled "<u>Hannah Gonzalez, Infant by her Mother and Natural Guardian, Celia Andjur and Celia Andujar, Individually v. 2381 Valentin Avenue LLC, Bronx Baptist Church, Inc., Bronx Baptist Church, Bronx Baptist Day Care Center, Inc. and Bronx Baptist Day Care and Learning Center</u>" was commenced in the Supreme Court of the State of New York, Bronx County under Index No. 8178/07 and respectfully refers to the Court to the Summons and Complaint filed in that action for the full and complete contents thereof.

10. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "10" of the Complaint.

11. Defendant admits only that the Verified Complaint in the Underlying Action contains this allegation, denies the truth of this allegation, and respectfully refers the Court to the Verified Complaint filed in the Underlying Action for the full and complete contents thereof, and denies the remaining allegations of Paragraph "11" of the Complaint.

12. Defendant admits only that the Verified Complaint in the Underlying Action contains this allegation, denies the truth of this allegation, and respectfully refers the Court to the Verified Complaint filed in the Underlying Action for the full and complete contents thereof, and denies the remaining allegations of Paragraph "12" of the Complaint.

13. Defendant denies the allegations contained in Paragraph "13" of the Complaint, affirmatively states that the Verified Complaint in the Underlying Action alleges that the accident and alleged injuries were caused by the negligence and carelessness of 2381 Valentine Avenue

LLC in its ownership, maintenance, operation, control, management, inspection and repair of the premises known as 2381 Valentine Avenue where the Plaintiffs in the Underlying Action resided and where Plaintiffs in the Underlying Action allege Hannah Gonzalez sustained injury by reason of the ingestion of lead paint chips and lead paint dust, and respectfully refers the Court to the Verified Complaint in the Underlying Action for the full and complete contents thereof.

14. Defendant admits only that the Verified Complaint filed in the Underlying Action contains this allegation, denies knowledge or information sufficient to form a belief as to the truth of this allegation, respectfully refers the Court to the Verified Complaint filed in the Underlying Action for the full and complete contents thereof, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph "14" of the Complaint.

15. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "15" of the Complaint.

16. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "16" of the Complaint.

17. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "17" of the Complaint.

18. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "18" of the Complaint.

19. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "19" of the Complaint.

20. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "20" of the Complaint.

21. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "21" of the Complaint.

22. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "22" of the Complaint.

23. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "23" of the Complaint, except admits Guideone issued Policy No. 1179-907, with a policy period of February 27, 2006 to February 27, 2007, to Bronx Baptist Church, Inc., affirmatively states that Exhibit "C" is not a copy of the policy issued to Bronx Baptist Church, Inc., but is a "sample" or "specimen" policy, and respectfully refers the Court to the actual policy issued to Bronx Baptist Church, Inc. for the full and complete terms thereof.

24. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "24" of the Complaint except admits Guideone issued Policy No. 1179-907, with a policy period of February 27, 2005 to February 27, 2006, to Bronx Baptist Church, Inc., affirmatively states that Exhibit "D" is not a copy of the policy issued to Bronx Baptist Church, Inc. but is a "sample" or "specimen" policy, and respectfully refers the Court to the actual policy issued to Bronx Baptist Church for the full and complete terms thereof.

25. Admits each and every allegation contained in Paragraph "25" of the Complaint, and affirmatively states that other types of insurance coverage were also provided pursuant to these policies.

26. Defendant denies the allegations contained in Paragraph "26" of the Complaint.

27. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "27" of the Complaint.

28. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "28" of the Complaint.

29. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "29" of the Complaint.

30. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "30" of the Complaint.

31. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "31" of the Complaint and respectfully refers the Court to the actual policies issued to the Bronx Baptist Church, Inc. for the full and complete terms thereof.

32. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "32" of the Complaint and respectfully refers the Court to the actual policies issued to the Bronx Baptist Church, Inc. for the full and complete terms thereof.

33. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "33" of the Complaint and respectfully refers the Court to the actual policies issued to the Bronx Baptist Church, Inc. for the full and complete terms thereof.

34. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "34" of the Complaint and respectfully refers the Court to the actual policies issued to the Bronx Baptist Church, Inc. for the full and complete terms thereof.

35. Defendant denies the allegations contained in Paragraph "35" of the Complaint.

36. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "36" of the Complaint and respectfully refers the Court to the actual policies issued to the Bronx Baptist Church, Inc. for the full and complete terms thereof.

37. Defendant denies the allegations contained in Paragraph "37" of the Complaint.

## AS AND FOR A FIRST CAUSE OF ACTION

38. Defendant repeats and reiterates the answers to the allegations contained in paragraphs "1" through "37" as if more fully set forth herein.

39. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "39" of the Complaint except admits Hannah Gonzalez has

alleged in the Verified Complaint in the Underlying Action that she sustained injury by reason of ingesting lead paint chips and lead paint dust at her residence located at 2381 Valentine Avenue, Bronx, New York and while attending the day care operated by the Bronx Baptist Church, Inc. at 331 East 187th Street, Bronx, New York, and respectfully refers the Court to the Verified Complaint in the Underlying Action for the full and complete contents thereof.

40. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "40" of the Complaint and respectfully refers the Court to the actual policies issued to the Bronx Baptist Church, Inc. for the full and complete terms thereof.

41. Defendant denies the allegations contained in Paragraph "41" of the Complaint.

42. Defendant denies the allegations contained in Paragraph "42" of the Complaint.

43. Defendant denies the allegations contained in Paragraph "43" of the Complaint.

## AS AND FOR A SECOND CAUSE OF ACTION

44. Defendant repeats and reiterates the answers to the allegations contained in paragraphs "1" through "43" as if more fully set forth herein.

45. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "45" of the Complaint.

46. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "46" of the Complaint.

47. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "47" of the Complaint.

48. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "48" of the Complaint.

49. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "49" of the Complaint.

50. Defendant denies the allegations contained in Paragraph "50" of the Complaint.

51. Defendant denies the allegations contained in Paragraph "51" of the Complaint.

52. Defendant denies the allegations contained in Paragraph "52" of the Complaint.

### AS AND FOR A THIRD CAUSE OF ACTION

53. Defendant repeats and reiterates the answers to the allegations contained in paragraphs "1" through "52" as if more fully set forth herein.

54. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "54" of the Complaint.

55. Defendant denies the allegations contained in Paragraph "55" of the Complaint.

56. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "56" of the Complaint.

57. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "57" of the Complaint.

58. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "58" of the Complaint.

59. Defendant denies the allegations contained in Paragraph "59" of the Complaint.

60. Defendant denies the allegations contained in Paragraph "60" of the Complaint.

61. Defendant denies the allegations contained in Paragraph "61" of the Complaint.

### AS AND FOR A FOURTH CAUSE OF ACTION

62. Defendant repeats and reiterates the answers to the allegations contained in paragraphs "1" through "61" as if more fully set forth herein.

63. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "63" of the Complaint.

64. Defendant denies the allegations contained in Paragraph "64" of the Complaint.

65. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "65" of the Complaint.

66. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "66" of the Complaint.

67. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "67" of the Complaint.

68. Defendant denies the allegations contained in Paragraph "68" of the Complaint.

69. Defendant denies the allegations contained in Paragraph "69" of the Complaint.

70. Defendant denies the allegations contained in Paragraph "70" of the Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

71. That Plaintiff's claims herein are barred because its disclaimer was not timely in that it failed to disclaim coverage "as soon as is reasonably practical" as required by N.Y. Ins. Law § 3420(d).

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

72. Plaintiff's claims are barred because it failed to disclaim coverage in compliance with N.Y. Ins. Law § 3420(d).

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

73. Plaintiff's claims are barred by the doctrines of waiver and estoppel.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

74. Plaintiff's claims are barred by the doctrine of laches.

WHEREFORE, Defendant, Bronx Baptist Church, Inc., incorrectly s/h/a Bronx Baptist Church, Bronx Baptist Day Care Center, Inc., and Bronx Baptist Day Care and Learning Center, respectfully requests that judgment be entered on its behalf:

a) Dismissing the Complaint in its entirety with prejudice;

b) Declaring that Plaintiff is obligated to defend and indemnify Defendant against the claims asserted against it in the lawsuit entitled "Hannah Gonzalez, Infant by her Mother and Natural Guardian, Celia Andujar and Celia Andujar, Individually v. 2381 Valentine Avenue LLC, Bronx Baptist Church, Inc., Bronx Baptist Church, Bronx Baptist Day Care Center, Inc. and Bronx Baptist Day Care and Learning Center," which is pending in the Supreme Court of the State of New York, Bronx County under Index No. 8178/07;

c) Awarding Defendant its costs and attorneys fees for defending against this action pursuant to U.S. Underwriters Ins. Co. v. City Club Hotel, LLC, 3 N.Y.3d 592, 789 N.Y.S.2d 470 (2004); and

d) For such other and further relief as this Court may deem just and proper under the circumstances.

Dated: Garden City, New York
March 31, 2008

By: _____
William J. O'Mahony (WO-9284)
QUADRINO SCHWARTZ
Attorneys for Defendants
*Bronx Baptist Church, Inc., incorrectly s/h/a Bronx Baptist Church, Bronx Baptist Day Care Center, Inc., and Bronx Baptist Day Care and Learning Center*
666 Old Country Road - Ninth Floor
Garden City, New York 11530
(516) 745-1122

TO: Andrew A. Seeley, Esq.
HURWITZ & FINE, P.C.
Attorneys for Plaintiff
*Guideone Speciality Mutual Insurance Company*
1300 Liberty Building
Buffalo, New York 14202
(716) 849-8900

Hannah Gonzalez
c/o Celia Andujar
2381 Valentine Avenue
Bronx, New York 10458

Celia Andujar
2381 Valentine Avenue
Bronx, New York 10458

2381 Valentine Avenue LLC
c/o Hugh Lewis
1306 Fteley Avenue
Bronx, New York 10472